IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUSTIN JAMES, individually,
and LORIEN JAMES, individually,
and as husband and wife,

            Plaintiffs,

v.

JOHN LINDSTROM, individually and
as Building Official for Wallowa
County and the City of Pendleton;
MICHELE YOUNG, individually and
as City Administrator for the City
of Enterprise; RONNIE NEIL,
individually and as Superintendent
of Public Works for the City of
Enterprise; the CITY OF ENTERPRISE,
a municipal subdivision of the
State of Oregon; WALLOWA COUNTY,
a municipal subdivision of the
State of Oregon; JOHN DOES 1-5
(fictitiously designated),
individually and as agents,
officers, and/or employees of
Wallowa County and/or the City of
Enterprise; JANE DOES 1-5
(fictitiously designated),
individually and as agents, officers,
and/or employees of Wallowa County
and/or the City of Enterprise,

            Defendants.

2:15-CV-00919-SU

ORDER

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#56) on June 9, 2016, in which she recommends the Court grant Defendants' Motions (#23, #32) for Summary Judgment as to all of Plaintiffs' claims; dismiss Plaintiffs' federal and state constitutional claims with prejudice; and dismiss Plaintiffs' claims for negligence, quiet title, ORICO, declaratory judgment, and injunctive relief without prejudice. The Magistrate Judge also recommends the Court deny Plaintiffs' Motion (#51) to Strike.

Plaintiffs filed timely Objections (#61) to the Magistrate Judges' Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## DISCUSSION

The claims of Plaintiffs Justin James and Lorien James arise

out of a dispute concerning Defendant City of Enterprise's easement for an underground waterline on Plaintiffs' property and Plaintiffs' development of their property in relation to that easement.

In their Complaint Plaintiffs allege claims against Wallowa County; the City of Enterprise; John Lindstrom, the County Building Official; Michele Young, the City Administrator; Ronnie Neil, the City's Superintendent of Public Works; and 10 unidentified "Doe" defendants.  Plaintiffs assert nine claims against Defendants as follows:

    1.  <u>Claim One against Defendants City of Enterprise, Neil, and Young</u>:  For violation of Plaintiffs' due-process rights under 42 U.S.C. § 1983 on the ground that Defendants deprived Plaintiffs of their property rights and liberty interests by directing Defendant Lindstrom to issue a Stop-Work Order.

    2.  <u>Claim Two against Defendants Wallowa County and Lindstrom</u>:  For violation of Plaintiffs' due-process right under 42 U.S.C. § 1983 on the ground that Defendants deprived Plaintiffs of their property rights and liberty interests by issuing a Stop-Work Order.

    3.  <u>Claim Three against Defendants Wallowa County and Lindstrom</u>:  For violation of Plaintiffs' due-process rights under the Fifth and Fourteenth Amendments to the United States Constitution on the grounds that Defendants did not provide prior notice, a hearing, or an opportunity to contest the Stop-Work Order.

    4.  <u>Claim Four against Defendants City of Enterprise, Neil and Young</u>:  For violation of Plaintiffs' due-process rights under the Fifth and Fourteenth Amendments to the United States Constitution on the ground that Defendants acted to prevent Plaintiffs from developing their land without a finding that Plaintiffs had violated applicable laws, regulations, or building codes.

5. <u>Claim Five against Defendants City of Enterprise, Neil, Young, Wallowa County, and Lindstrom</u>:  For violation of Oregon's Racketeer Influenced and Corrupt Organization Act (Or. Rev. Stats. § 166.715, *et seq.*) on the ground that Defendants acted together to deprive Plaintiffs of their property rights.

6.   <u>Claim Six against all Defendants</u>: For negligence on the ground that Defendants' conduct caused damage to Plaintiffs.

7.   <u>Claim Seven against Defendants City of Enterprise, Neil, Young, Wallowa County,and Lindstrom</u>:  For retaliation under 42 U.S.C. § 1983 against Plaintiffs for exercising, among other things, their rights of free speech and their right to develop their private property.

8.   <u>Claim Eight against Defendants City of Enterprise and Wallowa County</u>:  For inverse condemnation for temporary takings under the Oregon Constitution and the United States Constitution on the ground that Defendants interfered with Plaintiffs' use of their property as a result of the Stop-Work Order.

9.   <u>Claim Nine against Defendants City of Enterprise and Wallowa County</u>:  To quiet title under Oregon Revised Statute § 105.605 and for declaratory relief and injunctive relief under Oregon Revised Statute § 28.010 and 28 U.S.C. §§ 2201-2202.

The Magistrate Judge recommends this Court dismiss with prejudice Plaintiffs' First, Second, Third, Fourth, Seventh, and Eighth Claims and dismiss without prejudice Plaintiffs' Fifth, Sixth, and Ninth Claims (the state-law claims).

Plaintiffs object only to the factual findings of the Magistrate Judge as to Plaintiffs' First, Second, Fifth, Sixth, Seventh, and Ninth Claims and contend those Findings "are clearly disputed" and without support in the record.  Thus, Plaintiffs assert Defendants are not entitled to summary judgment on those Claims because a genuine dispute of material fact exists.

4 - ORDER

After reviewing the record, the Court concludes Plaintiffs' recitation and characterization of the facts do not raise a genuine dispute as to any material fact, and, therefore, Defendants are entitled to judgment as a matter of law on all of Plaintiffs' claims.  Thus, after carefully considering Plaintiffs' Objections, the Court concludes they do not provide a basis to modify the Findings and Recommendation.

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.


## CONCLUSION

The Court **ADOPTS** Magistrate Judge Sullivan's Findings and Recommendation (#56) and, therefore, **GRANTS** Defendants' Motions (#23, #32) for Summary Judgment.  Accordingly, the Court **DISMISSES with prejudice** Plaintiffs' First, Second, Third, Fourth, Seventh, and Eighth Claims and **DISMISSES without prejudice** Plaintiffs' Fifth, Sixth, and Ninth Claims.  The Court also **DENIES** Plaintiffs' Motion (#51) to Strike.

IT IS SO ORDERED.

DATED this 10th day of August, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

5 - ORDER